IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RALPH J. CARTER,                           )
                                           )
          Plaintiff                        )          Case No. 1:18-cv-00096 (Erie)
                                           )
vs.                                        )
                                           )          RICHARD A. LANZILLO
ADAM BAUMCRATZ, ET AL.,                    )          UNITED STATES MAGISTRATE JUDGE
                                           )
          Defendants                       )
                                           )          ORDER ON MOTIONS TO COMPEL
                                           )          DISCOVERY [ECF No. 45; ECF No. 47]

        Presently before the Plaintiff's Motion to Compel Discovery.  ECF No. 45; ECF No. 47.

The Defendants, per order of this Court, have responded in opposition.  ECF No. 49, ECF No.

50.  For the reasons that follow, the motions are **DENIED**.[1]

I.      Legal Standards

        In addressing discovery, Federal Rule of Civil Procedure 26(b) provides, in relevant part,

as follows:

>       (b) Discovery Scope and Limits.
>
>               (1)     Scope in General. Unless otherwise limited by court order, the
>                       scope of discovery is as follows: Parties may obtain discovery
>                       regarding any nonprivileged matter that is relevant to any party's
>                       claim or defense-including the existence, description, nature,
>                       custody, condition, and location of any documents or other
>                       tangible things and the identity and location of persons who know
>                       of any discoverable matter. For good cause, the court may order
>                       discovery of any matter relevant to the subject matter involved in
>                       the action. Relevant information need not be admissible at trial if
>                       the discovery appears reasonably calculated to lead to the
>                       discovery of admissible evidence. All discovery is subject to the
>                       limitations imposed by Rule 26(b)(2)(C).
>
>               (2)     Limitations on Frequency and Extent.

---

[1] Inasmuch as Plaintiff Carter's motions to compel were only directed to the DOC Defendants, the motion is
DENIED as moot as it pertains to Defendant Sutherland.

1

(C)	When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

> (i)	the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii)	the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii)	the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the discovery in resolving the issues.

Issues relating to the scope of discovery permitted under the rules rest in the sound discretion of the Court, *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987), and any decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. *Marroquin–Manriquez v. I.N.S.,* 699 F.2d 129, 134 (3d Cir. 1983). Although the scope of relevance in discovery is broader than that allowed for evidentiary purposes, it is not without its limits. *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.*, 144 F.R.D. 258, 265 (E.D. Pa. 1992) (citations omitted). Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982). However, the burden is on the objecting party to demonstrate in specific terms why a discovery request is improper. *Hicks v. Big Brothers/Big Sisters of*

*America*, 168 F.R.D. 528, 529 (E.D. Pa.1996); *Goodman*, 553 F. Supp. at 258. The party

objecting must show that the requested materials do not fall "within the broad scope of relevance

... or else are of such marginal relevance that the potential harm occasioned by discovery would

outweigh the ordinary presumption in favor of broad disclosure...." *Burke v. New York City

Police Dep't*, 115 F.R.D. 220, 224 (S.D.N.Y. 1987).

II.     Analysis

Plaintiff Carter requested Defendants provide him with "any and all psychological reports

compiled on Ralph Carter #MV-1754.  This request includes, but is not limited to, psych

evaluations, pre and post the incident that took pace on February 27, 2017, at SCI-Forest and a

description of any psychological medication prescribed to Mr. Carter."  ECF No. 45 at 1-2.

Defendants declined to produce these records based on security, confidentiality and relevance.

Defendants explain that:

> [M]ental health records are not provided to inmates because they
> are private and confidential.  In addition to presenting a
> safety/security risk to the inmate and mental health staff; the
> release of the mental health records enables the inmate to
> manipulate his mental health treatment and diagnosis.

ECF No. 49 at ¶ 3.  The Court agrees that the security concerns related to the production of any

mental health records are justified.  As has been previously explained:

> With respect to the mental health records, were they made
> available to inmates or the public, DOC professionals would tend
> to refrain from entering candid opinions and evaluations.
> Consequently, decision-makers would not have the benefit of
> honest observations from professionals in the field." Moreover, "if
> an inmate knows how DOC staff will evaluate him and how
> particular behaviors are likely to be interpreted, he is capable of
> manipulating the resulting determination," which could lead to
> inaccurate assessments, improper institutional placements, and
> possible premature release from custody.

*Banks v. Beard*, 2013 WL 3773837, at *3 (M.D. Pa. July 17, 2013) (citations omitted). Given the global security and safety concerns associated with the production of this information, there is no need for the Court to conduct an *in camera* review of the requested materials. Defendants have met their burden and the Plaintiff's Motion to Compel mental health records is denied.

Next, Plaintiff takes issue with the Defendants' responses to other interrogatories, specifically the delay in submitting responses to his inquires. Defendants represent that the interrogatories in question have now been responded to and, in fact, have been re-sent to the Plaintiff contemporaneously with the filing of their Response to the Motion to Compel. See ECF No. 49 at 3; ECF No. 49-1, at 1-25. Out of an abundance of caution however, the Court will send a copy of the Defendants' responses along with a copy of the instant order to the Plaintiff at his address of record. Given this, the Motion to Compel as it relates to Plaintiff's interrogatories is also **DENIED**.

So ordered.

/s/ Richard A. Lanzillo
United States Magistrate Judge

Entered this 15th day of February, 2019.