IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH J. CARTER,  )  <br> ) <br> Plaintiff  ) <br> ) <br> v.  ) <br> ) <br> RHU SGT. CLINGER, et al.,  ) <br> ) <br> Defendants  ) <br> ) | Case No. 1:1-cv-00096 (Erie) <br><br> RICHARD A. LANZILLO <br> UNITED STATES MAGISTRATE JUDGE <br><br> ORDER |

Presently pending before the Court is Plaintiff Ralph J. Carter's motion to compel discovery. ECF No. 98. Carter seeks more definitive answers to interrogatories he posed to Defendant Jana Jordan. *Id.*

Federal Rules of Civil Procedure 26(b) provides, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party … Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 37(a)(2)(B) enforces this obligation by providing that if a party, in response to a discovery request for production, inspection, or answer to interrogatory submitted under Rule 34, fails to respond or produce, permit inspection, or answer the interrogatory, "the discovering party may move for an order" compelling an appropriate response, whether it be production, inspection, or answer to interrogatory. *See, e.g., Davis v. Does*, 2020 WL 836869, at *2 (M.D. Pa. Feb. 19, 2020). A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Trask v. Olin Corp.*, 298 F.R.D. 244, 263 (W.D. Pa. 2014) (citing *Bracey v. Harlow*, 2012 WL 4857790, *2 (W.D. Pa. Oct. 12, 2012)).

1

Once that burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.*

Here, Carter indicates that he objected to Defendant Jana's answers, twice contacting counsel for the Defendant. ECF No. 98, p. 4. Carter did not receive a response to either communication. *Id.* After carefully considering the claims at issue in this action, the Court issues the following order on Carter's motion to compel:

    1.    Defendant Jana's answer to interrogatory number 1 (asking whether she was trained in treating people with asthma) is unresponsive to the question. Carter is asking whether she personally received such training. Her response that "I am trained medically as an RN" does not respond directly to the interrogatory. Jana must answer whether this training included treating persons with acute or severe asthma.

    2.    Jana's answer to interrogatory number 2 is satisfactory and properly responds to the Plaintiff's question.

    3.    Interrogatory number 3 asked whether it is possible that an asthma attack could lead to death. Jana did not object to this interrogatory as speculative, overly broad, calling for a medical opinion, or on any other basis. Instead, Jana responded that she is "not a physician." Although this response could be interpreted as a statement that she does not know the answer to the interrogatory

because it is beyond her medical training or expertise, she does not respond directly to the interrogatory. Jana must answer the interrogatory directly.

4.  Jana's answer to interrogatory number 4 is satisfactory. She indicates that she has no knowledge of the dosage of Carter's inhaler in 2017.

5.  Jana's answer to interrogatory number 5 is unresponsive. There, Carter asks whether it is dangerous for a person prescribed a rescue inhaler to use more than what was prescribed. Jana did not object to this interrogatory as speculative, overly broad, calling for a medical opinion, or on any other basis. Instead, Jana answers that "An individual showed us their medication as ordered/prescribed by the physician." ECF No. 98, p. 2. This answer does not respond directly to the interrogatory. Jana must answer this interrogatory.

6.  Jana's answer to interrogatory number 6 is satisfactory. She indicates that she is not a physician and therefore is unaware of any long-term affects related to the over-use of an inhaler.

7.  Jana's answer to interrogatory number 7 is satisfactory. She indicates that she is not a physician and therefore cannot opine on whether a "nebulizer treatment" is indicated when a patient having "breathing difficulties" does not improve after using an inhaler.

8.  Jana's answer to interrogatory number 8 is satisfactory. She indicates that she is not a physician and therefore cannot opine the deterioration of breathing one hour after exposure to oleoresin capsicum. Further, the answer to this question calls for speculation which Jana, as a nurse, cannot provide.

Therefore, Carter's motion to compel is **GRANTED** as to interrogatories 1, 3, and 5. Defendant Jana must provide Carter with written answers to these queries within fourteen days of the date of this order. The motion to compel is **DENIED** as to the remaining questions.

IT IS SO ORDERED.

_____
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: July 7, 2020